IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Deja Bowman,<br><br>      Plaintiff,<br><br>v.<br><br>Staffmark, Husqvarna Outdoor Products, Darrin Hall, and Ayanna Cave, in their official capacities, and Conspiracy as to Darrin Hall and Ayanna Cave, in their individual capacities,<br><br>      Defendants. | Case No.:<br><br>**COMPLAINT**<br>Jury Trial Requested |

## INTRODUCTION

Plaintiff Deja Bowman, by and through her undersigned counsel, brings the Causes of Action of Sex Discrimination/Sexually Hostile Work Environment and Retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, against Defendants Staffmark and Husqvarna Outdoor Products and their Employees, Darrin Hall and Ayanna Cave, in their official capacities. The Plaintiff also brings forth a claim of Breach of Contract as to Staffmark and claims of Negligent Supervision and Gross Negligence as to Staffmark and Husqvarna Outdoor Products. Furthermore, Plaintiff brings forth a claim of Civil Conspiracy as to Darrin Hall and Ayanna Cave, in their individual capacities, based on the following allegations:

## ADMINISTRATIVE CHARGE

1. Plaintiff has exhausted all administrative remedies and prerequisites prior to filing this lawsuit, including timeliness, deferral, and all other jurisdictional requirements necessary for the maintenance of this action, as described below:

a. Plaintiff timely filed a Charge with the Equal Employment Opportunity Commission ("EEOC") against Defendant Staffmark on October 7, 2024.

b. Plaintiff timely filed a second Charge with the EEOC against Defendant Husqvarna Outdoor Products on October 7, 2024.

c. Plaintiff <u>received</u> a Notice of Right to Sue from the EEOC in response to her first Charge against Defendant Staffmark on December 10, 2024.

d. Plaintiff <u>received</u> a second Notice of Right to Sue from the EEOC in response to her second Charge against Defendant Husqvarna Outdoor Products on March 4, 2025.

e. Plaintiff has timely filed this action within (90) days from the date on which she received her original Notice of Right to Sue as described in Paragraph 1(c) and her second Notice of Right to Sue as described in paragraph 1(d).

f. Plaintiff, in the interest of judicial economy, is filing this action naming Defendants Staffmark and Husqvarna, as the Causes of Action merge with violations under Title VII and each action is mutually attributable to issues of liability jointly.

g. Plaintiff asserts that both Defendants participated in a design and scheme to cloak liability for each Defendant's discriminatory action, but all Causes of Action arises from a common plan through mutual employment patterns and actions which holds each Defendant collectively liable for the acts of Sexual Discrimination, Sexually Hostile Work Environment, and Retaliation against Plaintiff. Plaintiff's more recent EEOC Charge further encompasses the common scheme and design by both Defendants under Title VII of the Civil Rights Act of 1964, as amended.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 2000e (5), this being a proceeding to enforce rights and remedies secured under Title VII of the Civil Rights Act of 1964, as amended, and other Federal statutes. This Court also has pendant and supplementary jurisdiction over so much of this action as is based on State law.

2. Venue is proper in the Columbia Division, because the Causes of Action arose therein, the acts and practices complained of occurred there, and it is where Defendants Staffmark and Husqvarna Outdoor Products, as well as the Individual Defendants, are situated, do business, and/or may be found.

## PARTIES

3. Plaintiff Deja Bowman (hereinafter, "Plaintiff") is an African American Female and a Citizen of the United States. Plaintiff resides in Orangeburg County, South Carolina. Plaintiff is employed as a Forklift Driver and Inventory Clerk for Defendant Staffmark.

4. Defendant Staffmark (hereinafter, "Staffmark") is a private job placement corporation located in Columbia, South Carolina with its primary location at 720 Gracern Road, Suite 122, Columbia, South Carolina. Staffmark is an organization conducting business and operations in the State of South Carolina and is legally organized and exists under the Code of Laws of the State of South Carolina. Staffmark outsources jobs to companies, like Defendant Husqvarna Outdoor Products, placing staff in contracted positions with the objective of those staff members becoming permanent employees of Defendant Husqvarna Outdoor Products. Plaintiff was one of those contracted staff members with hopes of permanent placement with Husqvarna Outdoor Products.

5. Defendant Husqvarna Outdoor Products (hereinafter, "Husqvarna") is an organization conducting business and operations in the State of South Carolina. Husqvarna's primary location is 1001 Carolina Pines Drive, Blythewood, South Carolina. Husqvarna is legally organized and exists under the Code of Laws of the State of South Carolina.

6. Defendant Darrin Hall (hereinafter, "Defendant Hall") is an employee of Husqvarna who serves as a Supervisor. Upon information and belief, Defendant Hall currently resides in Blythewood, South Carolina, Richland County.

7. Defendant Ayanna Cave (hereinafter, "Defendant Cave") is a former employee of Staffmark and Husqvarna through Staffmark who served in various roles during her time of employment, including Warehouse Trainer, Onsite Manager, and Recruiting Supervisor. Upon information and belief, Defendant Cave currently resides in West Palm Beach, Florida, though previously resided in Columbia, South Carolina during her time of employment with Staffmark. It is believed that Defendant Cave resigned from her position with Staffmark on or about February 5, 2025.

## FACTS

8. Plaintiff is a 28-year-old African American Female who works as a contractual full-time employee of Staffmark, which provides staffing services to Husqvarna. Despite working full-time, Plaintiff is considered a temporary employee.

9. Throughout her entire tenure with Staffmark, Plaintiff has diligently performed her job as a Forklift Driver and Inventory Clerk. Plaintiff began her employment with Staffmark on October 26, 2023.

10. Staffmark and Husqvarna are connected through a business partnership. Staffmark is engaged in contractual placement of full-time employees to meet the staffing quota for Husqvarna. In

its role, Staffmark manages recruitment, hiring, and occasionally the training of employees. Staffmark frequently fills positions at Husqvarna in areas such as manufacturing, assembly, distribution, and warehouse operations.

11. The established contractual relationship between Staffmark and Husqvarna, provides temporary employees, such as Plaintiff, with the opportunity to obtain permanent job placement. At her time of hire in October 2023, Plaintiff entered into a binding and valid employment contract whereby Staffmark offered Plaintiff employment and promised her that she would have a fair opportunity to be promoted to permanent status with Husqvarna.

12. Plaintiff's employment contract with Staffmark included an Anti-Harassment/Non-Discrimination Policy, Code of Business Standards, Business Conduct Policy, policies governing Investigation of Employee Complaints, policies detailing Employee Complaint Procedures and Protections, and various other procedures and protections for Plaintiff.

13. Although Staffmark and Husqvarna are distinct entities, employees of both are required, based on their contractual relationship, to adhere to the policies and procedures set by both companies, including policies and procedures related to employee and employer relations, discrimination, harassment, safety, and conduct.

14. Plaintiff's mother, Wanda Bowman, works for Husqvarna as a permanent employee with full-time employee status. Plaintiff's mother has been an employee of Husqvarna for nine years and currently serves in the role of Shipping Team Lead.

15. Defendant Hall is a Husqvarna Supervisor. Upon information and belief, Defendant Hall was transferred to Plaintiff's assigned location in Blythewood, South Carolina following its merger with Husqvarna's West Columbia location.

16. Defendant Hall has consistently demonstrated that he has problems/issues with females, including Plaintiff's mother, Wanda Bowman.

17. Upon the transfer of Plaintiff's previous Supervisor to another Husqvarna location on or around May 31, 2024, Defendant Hall was temporarily assigned to oversee Plaintiff's department in the interim. Defendant Hall was frequently very rude toward Plaintiff. Upon information and belief, Defendant Hall's mistreatment of Plaintiff was a continuation of issues he had earlier demonstrated with Plaintiff's mother.

18. Defendant Hall would oftentimes assign Plaintiff jobs through her Team Leads, Ebony Williams and Brandon Glover, and harass them and others, inquiring about how Plaintiff was carrying out her job duties. Frequently, Defendant Hall asserted that Plaintiff should be completing her job duties at a faster pace, despite knowing that she was pregnant. Additionally, Defendant Hall also limited Plaintiff's ability to secure overtime, when it was available to her.

19. On or about June 25, 2024, when the adverse treatment became too heavy of a burden for Plaintiff, creating an intolerable and overwhelming Hostile Work Environment, Plaintiff approached Husqvarna's Human Resources Representative, Meredith Walker, to inquire about what could be done. Thereafter, a meeting was held which included Defendant Hall and Defendant Cave. Following that meeting, Defendant Hall's harassment intensified. Husqvarna took no steps to adequately supervise Defendant Hall or prevent his harassing behavior which was directed at Plaintiff.

20. Defendant Cave is a former employee of Staffmark, who served as a Staffmark Onsite Supervisor of Husqvarna from the beginning of Plaintiff's tenure with Staffmark in October 2023 until Defendant Cave's resignation in February 2025.

21. As a "temporary" employee through Staffmark, any "write-ups" in the file of a "temporary" employee can prevent them from securing "permanent" status with Husqvarna. Fully aware of this, Defendant Hall, through Plaintiff's Female Onsite Supervisor, Defendant Cave, began overly scrutinizing everything Plaintiff did, which could ultimately delay or outright preclude Plaintiff's opportunity for gaining "permanent" status.

22. On or about July 9, 2024, Defendant Cave, presumably in concert with Defendant Hall, falsified documents indicating that Plaintiff had put in a two-week notice allegedly via email. Defendant Cave untruthfully alleged that Plaintiff's last day of employment would be July 22, 2024, when in fact, Plaintiff never submitted the alleged email. Defendant Hall and Defendant Cave were both made aware of this situation, and they promised to update Plaintiff regarding conclusions and actions against Defendant Cave (if any were applicable). However, the only information provided to Plaintiff by Defendant Cave was that there was a "text message miscommunication." Defendant Hall made no attempts to resolve this situation or to discipline Defendant Cave for her actions.

23. On or about July 9, 2024, Defendant Cave and Defendant Hall also conspired to deliberately write Plaintiff up for an unjustified cause, attributing the write-up to a vest and/or phone violation. These infractions, along with many others, were oftentimes committed by Plaintiff's Male Counterparts, though were overlooked.

24. Infractions within the workplace were oftentimes unchallenged when committed by Male employees, though were routinely enforced against Plaintiff and other Female associates. Specifically, Defendant Hall and other Husqvarna and Staffmark Supervisors and Team Leads oftentimes permitted Male associates to violate employee policies and procedures related to tardiness, dress code, use of cellphones, and other areas, without facing any consequences. In

contrast, Plaintiff and other Female associates were frequently held to stricter standards and subjected to harsher discipline for similar conduct.

25. Prior to Plaintiff being written up on or about July 9, 2024, her mother, Wanda Bowman, issued a write-up for one of Defendant Cave's Male associates. Upon information and belief, Plaintiff believes her write-up was in retaliation for Defendant Cave and Defendant Hall's negative view toward the disciplinary action taken against the Male associate. Furthermore, Plaintiff believes that the write-up was in retaliation to Plaintiff's protected complaints against Defendants Hall and Cave.

26. Plaintiff has also observed Defendant Hall similarly harass other "temporary" Female employees. Rather than challenging Plaintiff and/or other Female employees directly, Defendant Hall carried out his harassment through Plaintiff's Onsite Supervisor, Defendant Cave. Plaintiff believes this was intentionally and purposely done to avoid the appearance of directly harassing Plaintiff.

27. While under Defendant Hall's supervision, Plaintiff and other Female associates were oftentimes transferred from other Husqvarna Departments to Departments in which they had not been hired and assigned more physically demanding tasks, to include heavy lifting. Conversely, Plaintiff and the other Female associates were not compensated or rewarded in any way for undertaking these more strenuous duties.

28. During her time under Defendant Hall's supervision, Plaintiff was never afforded an opportunity to be promoted to permanent status within Husqvarna, despite Plaintiff's less-experienced and less-qualified Male counterparts being promoted. Upon information and belief, there is evidentiary support available which shows that Defendants Hall and Cave

knowingly assisted or participated in the altering of employment documentation to favorably support Plaintiff's Male counterparts' promotions.

29. On or about August 24, 2024, and August 25, 2024, Plaintiff applied for several permanent positions within Husqvarna but was not offered a permanent role. No justification or explanation was provided by Staffmark or Husqvarna for her not being selected for any of the permanent positions. Notably, all Male candidates were hired into the permanent positions.

30. To reiterate, Plaintiff states the actions of Defendant Hall intensified following her complaint to and subsequent meeting with the Husqvarna Human Resources Department. Prior to this meeting, Plaintiff had no issues regarding job performance. Moreover, Plaintiff performed her job faithfully, and neither Husqvarna nor Staffmark ever indicated a problem or issue with her job performance until that time.

31. Based on Defendant Hall's conduct towards Plaintiff specifically, and Female employees in general, Plaintiff believes Defendant Hall's Sexual Discrimination against Females motivated his mistreatment of her and was carried out for the purpose of tainting Plaintiff's work record. Furthermore, Defendant Hall's actions were conducted in an effort to prevent Plaintiff from acquiring "permanent" job opportunities with Husqvarna.

32. In addition, Plaintiff believes Defendant Hall's conduct is discriminatory on the basis of Sex, that he retaliated against Plaintiff by intensifying his harassment following her complaints to Husqvarna Human Resources Department, all of which created a Sexually Hostile Work Environment for Plaintiff, and other Female employees, in violation of Federal law.

33. Staffmark was notified by Plaintiff, through its Human Resources Department, regarding the Sexually Disparate Treatment she was experiencing from Defendant Hall, some of which was carried out through Defendant Cave. However, Defendant Staffmark knowingly refused to

intercede or report the behavior of Defendant Hall to Husqvarna, thus negligently refusing to supervise its employees (Defendant Cave) and protect Plaintiff in the workplace.

34. Accordingly, because Plaintiff was in a contractual relationship with Staffmark, who failed to adequately supervise her placement within Husqvarna, Staffmark breached its contractual obligations to Plaintiff, including its duties to investigate employee complaints and ensure the workplace was free from harassment and discrimination.

35. When entering the employment contract with Plaintiff, Staffmark promised to investigate alleged harassment and discrimination complaints and take disciplinary action as required to remedy the situation. Furthermore, Staffmark promised that there would be no retaliation against any employee who, in good faith, files such a complaint. Staffmark failed to adhere to Plaintiff's employment contract.

36. Consequently, Plaintiff has suffered and continues to suffer tremendously in terms of her physical, mental, and emotional health, including ongoing actual and compensatory damages due to Defendants' unlawful treatment.

## FIRST CAUSE OF ACTION
**TITLE VII SEX DISCRIMINATION / SEXUALLY HOSTILE WORK ENVIRONMENT**
**(Against Defendants Staffmark and Husqvarna Outdoor Products and their employees, Darrin Hall and Ayanna Cave, in their official capacities)**

37. Plaintiff reiterates each and every allegation contained in the previous paragraphs as if set forth verbatim herein.

38. Plaintiff asserts that the continuous harassment by Defendant Hall, encompassing overly scrutinizing Plaintiff's work, strenuous job assignments, a lack of employment opportunities to include overtime, falsifying documents pertaining to Plaintiff, and fabricating issues with Plaintiff's job performance, were a mere pretext for the discrimination against Plaintiff based

on her Sex carried out in an effort to taint Plaintiff's work record and prevent Plaintiff from acquiring "permanent" job opportunities with Husqvarna.

39. Defendants were wanton, reckless, and intentional in their discrimination against Plaintiff in knowingly allowing Defendant Hall to harass Plaintiff, retaliate against Plaintiff, and carry out disparate treatment of Plaintiff and other Female employees, in comparison to their Male counterparts.

40. In failing to protect Plaintiff from Sex Discrimination, the Defendants acted with malice or reckless indifference to the federally protected rights set out under Title VII of Civil Rights Act of 1964, as amended.

41. Defendants violated Title VII of Civil Rights Act of 1964, by allowing Sex Discrimination, to exist in the workplace.

42. As a direct and proximate result of Defendants' Discrimination on the basis of Sex, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

43. Defendants' Employment Discrimination of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

44. Plaintiff is entitled to injunctive relief and/or civil damages from Defendants as a result of the Employment Discrimination, as alleged above.

45. Due to the acts of Defendants, their agents, and employees, Plaintiff is entitled to back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## SECOND CAUSE OF ACTION
## TITLE VII RETALIATION
**(Against Defendants Staffmark and Husqvarna Outdoor Products and their employees, Darrin Hall and Ayanna Cave, in their official capacities)**

46. Plaintiff reiterates each and every allegation contained in the preceding paragraphs as if set forth verbatim herein.

47. Plaintiff repeatedly objected to and protested the violations of her federally protected rights within the Staffmark and Husqvarna administrative structure and later, to the Equal Employment Opportunity Commission.

48. After Plaintiff sought to seek relief from the discriminatory practices, to include but not limited to, consulting with the Staffmark and Husqvarna Human Resources Departments through the chains-of-command, Defendants Staffmark and Husqvarna retaliated against her by a continuance of harassment, by not addressing her complaints, and by refusing to promote her to permanent employee status.

49. Accordingly, Plaintiff is entitled to compensatory and punitive damages in the nature of the value of her lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, and her reasonable attorney's fees for the bringing of this action.

## THIRD CAUSE OF ACTION
## BREACH OF CONTRACT
**(Against Defendant Staffmark)**

50. Plaintiff reiterates each and every allegation contained in the preceding paragraphs as if set forth verbatim herein.

51. Upon information and belief, Defendant Staffmark maintains a Talent and Employee handbook of policies and procedures, including, but not limited to, a Code of Business Standards, Business Conduct Policy, Anti-Harassment/Non-Discrimination Policy, Investigation of

Complaints, Employee Complaint and Procedures Protection, and other policies and procedures regarding conduct in the workplace which applied to Plaintiff.

52. Plaintiff relied on Defendant Staffmark's reassurance through its agents that Defendant would act pursuant to Defendant's policies and procedures with respect to conduct in the workplace, anti-discrimination, investigation of reported violations, harassment, and other workplace policies and procedures, including Defendant's Code of Business Standards and Business Conduct.

53. Plaintiff performed her job duties with due diligence. However, Defendant Staffmark, through its agents, unjustifiably failed to perform its contractual duties by sexually discriminating against and sexually harassing Plaintiff, failing to protect Plaintiff from the retaliatory actions of its agents, and retaliating against Plaintiff due to her protected complaints as stated more fully above.

54. Defendant Staffmark also failed to fully and completely investigate Plaintiff's protected complaints in accordance with Defendant's own Code of Business Standards, Business Conduct, and Employee Complaint Procedures and Protection, although Plaintiff reported violations in compliance with the same.

55. All of these actions violate the contractual anti-discrimination provisions within Defendant Staffmark's employment handbook (contract), its anti-discrimination and anti-harassment policies, workplace conduct policy, investigation of complaints policy, and other contractual policies and procedures of the Defendant, including Defendant's Code of Business Standards, Business Conduct Policy, and Employee Complaint Procedures and Protection. Further, Defendant Staffmark failed to follow the above-referenced contractual policies and procedures, when it failed to treat Plaintiff equally to its Male employees as stated more fully above.

56. Defendant Staffmark, and its agents, had a responsibility to ensure that Plaintiff would not be subjected to sex discrimination. Defendant, through its agents, instead chose to do such, retaliated against Plaintiff when Plaintiff complained within its management structure pursuant to Defendant's own policies and procedures, and failed to treat Plaintiff similarly to her Male counterparts under like scenarios, all in violation of the contractual guarantees provided to Plaintiff by Defendant in the employment handbook and other contractual documents, including Defendant's Code of Business Conduct, Code of Business Standards, and Employee Complaint Procedures and Protection.

57. Defendant Staffmark's conduct, by and through its agents, was done in bad faith and breached the implied covenant of good faith and fair dealings that is implied in the employment contract.

58. As a result of Defendant Staffmark's breach of contract, Plaintiff has suffered actual, compensatory, physical, mental, emotional and consequential damages stemming from the breach and other such damages as are allowable by law.

## FOURTH CAUSE OF ACTION
### NEGLIGENT SUPERVISION
**(Against Defendants Staffmark and Husqvarna)**

59. Plaintiff reiterates each and every allegation contained in the preceding paragraphs as if set forth verbatim herein.

60. Defendants Staffmark and Husqvarna failed to use due care in supervising its employees, specifically Defendants Hall and Cave.

61. Defendant Hall was permitted to use his authority over Plaintiff as her Supervisor to routinely harass Plaintiff, prevent Plaintiff from securing overtime and other employment opportunities afforded to her Male counterparts, and to target Plaintiff for unjustified allegations by Defendants Hall and Cave regarding Plaintiff's work performance, trustworthiness, and

integrity, thereby creating a hostile work environment for Plaintiff and restricting Plaintiff from obtaining the full-time permanent employee promotion she was rightfully entitled to.

62. Defendants Staffmark and Husqvarna knew or should have known that Defendant Hall, though concerted actions with Defendant Cave, was targeting Plaintiff from his actions which demonstrated propensity, proclivity, or course of conduct sufficient to put Defendants on notice of the possible unwarranted targeting of Plaintiff and her employment. Defendants therefore condoned the acts of Defendant Hall.

63. Plaintiff not being promoted to permanent employee status with Husqvarna while being supervised by Defendants Hall and Cave, has a sufficient nexus to Defendant Hall's misconduct in targeting Plaintiff for false and unmerited allegations regarding Plaintiff's work performance, trustworthiness, and integrity, because the same actor, Defendant Hall, targeted the same victim, Plaintiff, for the same ultimate purpose: to manufacture conditions by which to prevent Plaintiff from being promoted.

64. Accordingly, due to the acts of Defendants Staffmark and Husqvarna and their agents, Plaintiff is entitled to injunctive relief and civil damages, back wages plus interest, and payment for lost wages. Plaintiff is further entitled to actual and compensatory damages in the value and nature of her lost wages, benefits and front pay, with interest applied thereupon, in addition to any liquidated damages, reasonable attorneys' fees and the costs of bringing this action.

**FIFTH CAUSE OF ACTION**
**GROSS NEGLIGENCE**
**(Against Defendants Staffmark and Husqvarna)**

65. Plaintiff reiterates each and every allegation contained in the preceding paragraphs as if set forth verbatim herein.

66. Defendants Staffmark and Husqvarna owed a duty to the Plaintiff to ensure her work environment met the provisions set by Staffmark and Husqvarna policies and procedures, as well as Title VII of the Civil Rights Act of 1964, as amended, and other Federal and State law.

67. Defendants owed Plaintiff a duty of care to ensure that Plaintiff was able to perform her duties in a way that met standards, was safe for Plaintiff, and was within the guidelines of Plaintiff's job description, as well as provided Plaintiff with the fair opportunity to gain permanent employment status within Husqvarna, which was guaranteed to her when she was initially hired.

68. Defendants failed to act with the necessary reasonable care, failed to exercise slight care, and were negligent, reckless, willful and/or wanton in one or more of the following particulars, to wit:

    a. when they failed to address Plaintiff's direct complaints to their Human Resources Departments pertaining to the Sexually Hostile Work Environment she was experiencing;

    b. when they failed to prevent harassment by Defendants Hall and Cave within the workplace;

    c. when they failed to promote Plaintiff to permanent employee status with Husqvarna, despite Plaintiff being qualified;

    d. when they allowed Defendants Hall and Cave to wrongfully and unlawfully taint Plaintiff's employment record;

    e. when they denied Plaintiff's job applications for permanent placement within Husqvarna;

    f. and when they allowed their agents and/or employees to manufacture and falsify basis to promote Plaintiff's Male counterparts over Plaintiff.

69. Defendants should have anticipated harm to Plaintiff from Defendant Hall and Defendant Cave's unlawful and unjustifiable behavior.

70. Plaintiff asserts that Defendants, their employees, and/or agents were on notice regarding the harassment based on her reports to her supervisors, team leads, and others within Staffmark and Husqvarna's chains-of-command. Despite this notice, Defendants failed to act with the necessary reasonable care and were negligent, reckless, willful and/or wanton.

71. Plaintiff's tainted employment record and non-promotion to permanent status within Husqvarna has a sufficient nexus to Defendants' acts.

72. As a direct result of the aforementioned negligence of Defendants through their employees, and/or agents, and Defendants' reckless, willful, and wanton lack of reasonable care, Plaintiff incurred damages proximately resulting from the breach of duty.

**SIXTH CAUSE OF ACTION**
**CIVIL CONSPIRACY**
**(Against Defendants Darrin Hall and Ayanna Cave, in their individual capacities)**

73. Each and every allegation set forth herein above is hereby repeated as fully incorporated herein.

74. Defendant Hall exceeded the scope of his employment by abusing his supervisory capacity to cause injury to Plaintiff. This injury was both foreseeable and preventable had Defendants Staffmark and Husqvarna adequately supervised Defendant Hall.

75. That Defendant Hall enlisted the help of Defendant Cave to manufacture pretextual justification to harass, bully, and defame Plaintiff in an effort to taint Plaintiff's employment record and prevent her from being promoted to a permanent employee with Husqvarna.

Defendant Hall, through his additional, intentional acts to sexually harass, excessively supervise, retaliate against, and bully Plaintiff furthered the conspiracy.

76. The natural consequence of Defendant Hall and Defendant Cave's combined actions caused special damages Plaintiff, apart from any other damages pleaded herein.

77. Specifically, the acts in furtherance of this conspiracy as alleged have and will continue to cause plaintiff special damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and further non-pecuniary losses.

78. Accordingly, due to the acts of Defendants Hall and Cave and their agents, Plaintiff is entitled to injunctive relief and civil damages from Defendants Hall and Cave.

79. Furthermore, Plaintiff is entitled to renumeration for lost wages and benefits, reinstatement of benefits, and front pay.

## JURY TRIAL REQUESTED

80. Plaintiff requests a jury trial.

## PRAYER FOR RELIEF

81. **WHEREFORE**, Plaintiff prays that this Honorable Court declares that Defendant's actions complained of herein violated the rights guaranteed to Plaintiff and issue its judgment:

   g. Declaring the actions complained of herein illegal;

   h. Issuing an injunction enjoining the Defendants, their agents, employees, successors, attorneys and those acting in concert or participation with the Defendants, and at their direction from engaging in the unlawful practices set forth herein and any other employment practices shown to be in violation of Title VII of the Civil Rights Act of 1964, as amended (Sex Discrimination / Sexually Hostile Work Environment / Retaliation), Breach of Contract, Negligent Supervision,

Gross Negligence, Civil Conspiracy, and the common laws of the State of South Carolina;

i. Awarding Plaintiff compensatory and punitive damages for each Cause of Action contained herein as appropriate, which the jury should find appropriate as a result of the Defendants' unlawful discriminatory actions taken as the result of Plaintiff's sex and other pled Causes of Action; including mental anguish, pain and suffering, harm to Plaintiff's economic opportunities, any back pay, front pay and future earnings with cost of living adjustments, prejudgment interest, fringe benefits, and retirement benefits;

j. Awarding Plaintiff her costs and expenses in this action, including reasonable attorney fees, and other litigation expenses; and

k. Granting such other and further relief as may be just and necessary to afford complete relief to the Plaintiff as this Court may deem just and proper.

Respectfully Submitted

\_\_s/Donald Gist_____
Donald Gist, Esq. (7178)
**GIST LAW FIRM, P.A.**
4400 North Main Street
Columbia, South Carolina 29203
Tel. (803) 771-8007
Fax (803) 771-0063
Email: dtommygist@yahoo.com

March 10, 2025