IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Deja Bowman, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 3:25-1536-CMC-KDW |
| | ) | |
| v. | ) | Report and Recommendation |
| | ) | |
| Staffmark Group, LLC a/k/a Staffmark, | ) | |
| Investment, LLC, Husqvarna Professional | ) | |
| Products, Inc., Darrin Hall, and Ayanna | ) | |
| Cave, in their official capacities, and | ) | |
| Conspiracy as to Darrin Hall and Ayanna | ) | |
| Cave, in their individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This employment matter is before the court to consider Defendant Staffmark Group, LLC's ("Staffmark's") Motion to Dismiss Defendant Ayanna Cave ("Cave") for Lack of Service. ECF No. 34. The operative Amended Complaint, which includes claims for alleged violations of Title VII as well as state-law-based claims, is brought against purported employers and against two individuals. Am. Compl., ECF No. 7.[1] The Motion is brought pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation ("Report") on the Motion. Having considered the Motion; Plaintiff's opposing memorandum, ECF No. 36; Defendant's Reply, ECF No. 38; and applicable law, the undersigned recommends that the court grant the Motion and dismiss Defendant Cave for lack of service of the Amended Complaint.

---

[1] Other Defendants have appeared and have answered. Discovery is underway.

I.        Applicable Law

A motion to dismiss filed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure challenges the mode of delivery or the lack of delivery of the summons and complaint. Once sufficiency of service has been challenged, Plaintiff bears the burden of establishing that service of process has been accomplished in compliance with Rule 4 of the Federal Rules of Civil Procedure. *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996). Rule 4(m) provides in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"Good cause" requires a "showing of diligence on the part of the plaintiffs." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019). Good cause is commonly found to "exist[] when the failure of service is due to external factors, such as the defendant's intentional evasion of service," but "significant periods of inactivity" and a "fail[ure] to seek extension of time before [the] deadline [has] lapsed" tend to undercut any claim of good cause. *Id.* "While 'good cause' is a flexible standard, diligence provides a touchstone for an appellate court" in its review. *Id.*

Noncompliance with Rule 4 does not mandate dismissal when the necessary parties have received actual notice of a suit and have not been prejudiced by the technical defect in service. *See Karlsson v. Rabinowitz*, 318 F.2d 666, 668-69 (4th Cir. 1963) ("In determining whether the plaintiff has satisfied his burden, the technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit."). "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the

service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Id.* (citation omitted).

II.    Relevant facts

In considering whether Plaintiff has met her burden of demonstrating Rule 4 service of the Amended Complaint has been effected on Cave, the court sets out the following timeline, gleaned from facts as presented by the parties in briefing the instant motion:

**March 10, 2025**

- Plaintiff Deja Bowman ("Bowman" or "Plaintiff"), filed the original Complaint, which included the following causes of action: Sex Discrimination, Sexually Hostile Work Environment, and Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, against Defendants Staffmark ("Staffmark"), Husqvarna Outdoor Products ("Husqvarna"), and their employees, Darrin Hall ("Hall") and Cave, in their official capacities; Breach of Contract against Staffmark; Negligent Supervision against Staffmark and Husqvarna; Gross Negligence against Staffmark and Husqvarna; and Civil Conspiracy against Hall and Cave, in their individual capacities. ECF No. 1.
    - o  The Clerk of Court issued a summons to Cave at the address of 720 Gracern Road, Suite 122, Columbia, SC 29210. ECF No. 4 at 1.
        - ▪  The Clerk also issued a summons to Staffmark at that same address. ECF No. 4 at 7.
        - ▪  In briefing, Plaintiff describes the Gracern Road, Columbia, SC address as "Cave's last known work address, as no current physical address for her was known[.]" ECF No. 36 at 2.
        - ▪  The original Complaint identifies Cave as a "former employee of Staffmark and Husqvarna through Staffmark," who, "on information and belief," "currently resides in West Palm Beach, Florida, though previously resided in Columbia, South Carolina during her time of employment with Staffmark." Compl. ¶ 8. "It is believed that Defendant Cave resigned from her position at Staffmark on or about **February 5, 2025**." *Id.* (emphasis added); *see also* Am. Compl. ¶ 8 (same).
    - o  Summonses were issued for Hall and Husqvarna at a Blythewood, SC address. ECF No. 4 at 3, 5.

**April 11, 2025**

- Plaintiff indicates in briefing that she received a signed certified mail return receipt evidencing service of the *initial* Complaint upon Cave that was signed on April 11, 2025. ECF No. 36-1 at 2 (signature illegible).
- The signed green card was not provided to the court prior to Plaintiff's providing it in response to the pending Motion to Dismiss on November 3, 2025. Staffmark indicates it

was unaware of that green card until November 3, 2025, but does not take issue with its existence. *See* ECF No. 38 at 1-2.

**April 24, 2025**

- ▪ Summonses were reissued for Hall and Husqvarna at different addresses. ECF No. 5. In briefing, Plaintiff indicates she requested that those summonses be reissued "[a]fter encountering difficulties effecting service" on Husqvarna, Staffmark, and Hall. ECF No. 36 at 2.

**June 3, 2025**

- o Plaintiff filed an Amended Complaint. Am. Compl., ECF No. 7. Plaintiff indicates in briefing that she filed the Amended Complaint "to correct the names of two Defendants ("Staffmark" to Staffmark Group, LLC a/k/a Staffmark Investment, LLC and "Husqvarna" to "Husqvarna Professional Products, Inc."). ECF No. 36 at 2.

**June 4, 2025**

- o Summons were reissued for all Defendants. ECF No. 8.
- o The Summons reissued to Cave included the same address as the initial summons (720 Gracern Road, Suite 122, Columbia, SC 29210). ECF No. 8 at 9.
- o The reissued summons reflected corrected names and addresses for Staffmark and Husqvarna. ECF No. 8 at 1, 3.

**"On or about June 10, 2025"**

- o In briefing, Plaintiff indicates "Defendant Cave was served in the same manner as her initial service, at her former employer, Staffmark. Plaintiff subsequently received the certified mail return receipt for Defendant Cave on or about June 10, 2025; however, the receipt was returned without a signature." ECF No. 36 at 3; Unsigned, undated green card attached at ECF No. 36-2.[2]
- o The unsigned green card was not provided to the court prior to Plaintiff's providing it in response to the pending Motion to Dismiss on November 3, 2025. Staffmark indicates it was unaware of that green card until November 3, 2025, but does not take issue with its existence. *See* ECF No. 38 at 1-2.

**July 2, 2025**

- o Staffmark filed its Answer to Amended Complaint. ECF No. 11.

---

[2] Service of the Amended Complaint on other Defendants is not at issue. In briefing, Plaintiff indicates Defendant Hall was served with the Amended Complaint "personally and through his attorney of record," Husqvarna was served through its attorney of record, and Staffmark was served through its CEO. ECF No. 36 at 3.

**July 18, 2025**

  o   Husqvarna and Hall filed their Answer to Amended Complaint. ECF No. 17.

**July 21, 2025**

  o   Conference and Scheduling Order issued. ECF No. 18.

**August 8, 2025**

  o   In briefing, Plaintiff indicates this is the date on which the parties conducted their Rule 26(f) conference. When asked by Plaintiff's counsel, counsel for Staffmark "expressly stated that they did not represent Defendant Cave." ECF No. 36 at 3.

**September 1, 2025**

  o   Ninetieth day after date Amended Complaint was served (June 3, 2025), making it the deadline for serving the Amended Complaint. Fed. R. Civ. P. 4(m).

**October 20, 2025**

  o   Staffmark filed the instant Motion to Dismiss Defendant Cave for Lack of Service. ECF No. 38.

III.    Analysis

Defendant Staffmark brings this service challenge as to its former employee—Defendant Cave—submitting Cave, who resigned before Plaintiff filed her original Complaint, was never served properly. Defendant submits that, on information and belief, Cave has not been successfully served, the 90-day window for service has expired, and Cave should be dismissed without prejudice for failure to serve. ECF No. 34 at 1-2. Rule 4(m) contemplates that, when Plaintiff has shown "good cause for the delay" the court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). However, Staffmark submits it is "unaware of any action taken by Plaintiff to serve Cave since the [90-day] deadline that may support a finding of good cause justifying the Court's extension of the period." *Id.* at 2.

In response, Plaintiff argues that "service was properly effectuated, Plaintiff acted with due diligence, and Defendant Cave had actual notice of the proceedings." ECF No. 36 at 4. Relying on the South Carolina Supreme Court case of *Collins v. Collins*, 116 S.E.2d 1, 4 (S.C. 1960), Plaintiff argues Federal Rule of Civil Procedure 4(m)'s "good cause" standard includes situations in which plaintiffs have acted with due diligence but have been unable to perfect service despite reasonable efforts. Plaintiff submits the *Collins* standard does not require that a plaintiff use "the utmost diligence" or every conceivable means of service. ECF No. 36 at 4.

On Reply, Staffmark notes Plaintiff's attempt to show "good cause" through her attempt to serve the Amended Complaint on Cave at Staffmark's local Columbia, SC address because no other address was known. ECF No. 38 at 1. Staffmark notes the green cards provided by Plaintiff were not previously filed with the court and were not in Staffmark's possession. In any event, Staffmark submits the green card concerning the attempted service of the Amended Complaint (exhibit 2 to Plaintiff's memorandum, ECF No. 36-2) "admits that no signed green card was returned by Cave or on Cave's behalf." *Id.* at 1-2. Staffmark further notes Plaintiff undertook no further measures to serve Cave. Plaintiff's representation to the contrary notwithstanding, Staffmark indicates it filed the instant Rule 12(b)(5) motion on its own behalf, not "on behalf of" Cave. *Id.* at 2. Staffmark submits, then, that Plaintiff's framing of the service issue requires the court to consider "whether service upon one's former employer is sufficient service." *Id.* Further, Staffmark submits Plaintiff's sole reliance on the South Carolina domestic case of *Collins v. Collins* leads to an incomplete legal analysis, "disregards what specific actions may constitute 'due diligence,' and ignores more relevant case law." *Id.*

Service on a competent, non-minor individual such as Cave may be effected pursuant to Federal Rule of Civil Procedure 4(e) by either following the law of the state where the district

6

court is located or by delivering a copy of the summons and complaint to the individual personally, leaving a copy at an individual's "dwelling or usual place of abode with someone of suitable age and discretion who resides there," or by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). South Carolina's Civil Rules find service on a competent, non-minor individual to be effected by "delivering a copy of the summons and complaint to him personally or by leaving copies at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein," or by "delivering a copy to an agent authorized" to receive service of process. Rule 4(d)(1), SCRCP.

None of the actions taken by Plaintiff indicates she actually effected service on Cave. While the court has considered Plaintiff's argument that it was reasonable to find Cave had "actual notice" of the lawsuit, such argument is not persuasive. *Cf. Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir.1984) ("When the process gives the defendant actual notice of the pendency of the action, the rules, in general are entitled to a liberal construction."). Plaintiff seeks to cobble together "actual notice" through noting Staffmark itself accepted service of process on it and through Staffmark's answer in which it acknowledged Cave was a former employee of Staffmark. ECF No. 36 at 5. Certainly Staffmark had notice. It is too far a leap to infer actual notice of its former employee, however.[3]

---

[3] Plaintiff has provided a green card indicating someone accepted service of the original Complaint on Cave. However, because such service was at Cave's former place of employment, there is no indication of her having actual notice of the original Complaint. In any event, Plaintiff elected to file an Amended Complaint, which superseded the original one. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) (noting a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, rendering the original complaint to be of no effect).

Nor has Plaintiff demonstrated she acted with "due diligence" to satisfy the standard set out in South Carolina's *Collins* case[4] or standards set out by other courts considering that issue. Plaintiff's argument relies entirely upon *Collins v. Collins* and its citations in defining "due diligence" to include "only ordinary, reasonable efforts to locate and serve a defendant," rather than the "utmost diligence"—only "some attempt to find the party" should satisfy a court or judge in some circumstances. 116 S.E.2d at 842 (citing *Winter v. Hoyt*, 278, 23 N.W. 128 (Wis. 1887); *Cone v. Ballard*, 5 N.W.2d 46 (S.D. 1942)). ECF No. 36 at 4-6. In *Collins,* the court found "due diligence" after noting that the serving party (in that case, the sheriff's office) had "made many inquiries" about the whereabouts of the party to be served, including isolating the county in which the party lives and asking the party's parents for assistance. 116 S.E.2d at 841-42. Here, Plaintiff indicates she attempted service on Cave's *former* employer because "her current physical address could not be ascertained despite reasonable efforts to locate her." ECF No. 36 at 5. Notably, Plaintiff offers no details as to what sort of "reasonable efforts" she undertook.

Additionally, the undersigned agrees with Defendant's argument that service upon one's *former* employer is insufficient, and reliance upon one's last-known address cannot be constructed so broadly as to include one's last-known place of employment. In *Nhira v. Bowie State University*, a plaintiff asserting discrimination and retaliation claims similar to Plaintiff's attempted to serve former employees of the defendant by serving the defendant's place of business. Civil Action No. WMN-14-676, 2014 WL 6065998 (D. Md. Nov. 12, 2024). The court held that because these individuals were no longer employees of the defendant, they "would not have received notice of

---

[4] It is far from clear that *Collins* is apposite here. While the decades-old *Collins* decision does discuss service in the context of a change-of-venue motion, that discussion hinges on Section 20-106 of the 1952 South Carolina Code's definition of "due diligence" in attempting service. 116 S.E.2d at 842. In any event, assuming its relevance, the undersigned agrees with Defendant that Plaintiff has not shown "due diligence" in a manner that would comport with *Collins*.

the suit by delivery of the summonses and Complaint to [defendant's] place of business." *Id.* at *2. The court found "there is no obligation on the part of an employer to forward summonses to former employees nor does an employer have the authority to accept service of process for former employees." *Id*.

Here, Plaintiff has not effected service on Cave. At the time Plaintiff filed the Complaint (and the Amended Complaint) she was aware that Cave no longer was employed by Staffmark. Am. Compl. ¶ 8 (averring Cave to be a "former employee of Staffmark and Husqvarna through Staffmark"). Service upon Staffmark was not sufficient service upon Cave. Plaintiff did not serve Cave within 90 days of filing the Amended Complaint. Furthermore, to the extent Plaintiff's response is construed as a request that the court find "good cause" for extending the Rule 4(m) service period that expired in early September 2025, she has not come close to satisfying that standard.

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Staffmark's Motion to Dismiss Defendant Cave for Lack of Service, ECF No. 34, be granted, and Cave dismissed without prejudice.

IT IS SO RECOMMENDED.

March 18, 2026                          Kaymani D. West
Florence, South Carolina                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**